AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District:  Massachusetts |
|---|---|

| Name (under which you were convicted):  Andre Walker | Docket or Case No.: |
|---|---|

| Place of Confinement :  Souza Baranowski Correctional Center | Prisoner No.:  W86834 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Andre Walker   v. | Bruce Gelb, Superintendent of Souza Baranowski Correctional Center |

| The Attorney General of the State of  Massachusetts |
|---|

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Suffolk Superior Court
Three Pemberton Square
Boston, MA  02108

(b) Criminal docket or case number (if you know):     SUCR2004-10099

2.   (a) Date of the judgment of conviction (if you know):    12/9/2005

(b) Date of sentencing:     12/23/2005

3.   Length of sentence:     life imprisonment without parole, 3-5 years concurrent, 6-8 years from and after

4.   In this case, were you convicted on more than one count or of more than one crime?     ☑ Yes     ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

First degree murder
Armed assault with intent to murder
Carrying an unlicensed firearm

6.   (a) What was your plea? (Check one)

☑ (1)     Not guilty          ☐ (3)     Nolo contendere (no contest)

☐ (2)     Guilty          ☐ (4)     Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(not applicable)

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Massachusetts Supreme Judicial Court

(b) Docket or case number (if you know):    SJC-10470

(c) Result:    Conviction affirmed

(d) Date of result (if you know):    9/21/2011

(e) Citation to the case (if you know):    Commonwealth v. Walker, 460 Mass. 590 (2011)

(f) Grounds raised:

(1) Ineffective assistance of counsel (failing to move to suppress identification, failing to object to inadmissible hearsay, failing to object to prosecutor's misstatements in closing argument, failing to introduce evidence of third party confessions)
(2) Violation of the right to present a defense -- exclusion of exculpatory evidence
(3) Prejudicial error -- admission of irrelevant evidence of drug dealing
(4) Violation of due process -- failure to give an alibi instruction
(5) Violation of due process -- conviction upon insufficient evidence (armed assault with intent to murder)
(6) Totality of the circumstances under G.L. c. 278, s. 33E

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

✎AO 241
(Rev. 10/07)

       (5) Citation to the case (if you know):

       (6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes  ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Suffolk Superior Court

      (2) Docket or case number (if you know):    SUCR2004-10099

      (3) Date of filing (if you know):    5/23/2008

      (4) Nature of the proceeding:    Motion for new trial

      (5) Grounds raised:
          Ineffective assistance of counsel: (1) failing to move to suppress out-of-court identification, (2) failing to object to inadmissible hearsay, (3) failing to object to prosecutor's misstatements in closing argument, (4) failing to introduce evidence of third party confessions

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    ☑ Yes  ☐ No

      (7) Result:    Motion for new trial denied

      (8) Date of result (if you know):    2/11/2009

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes    ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ✓ Yes    ❒ No

(2) Second petition:    ❒ Yes    ❒ No

(3) Third petition:    ❒ Yes    ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Denial of effective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) trial counsel failed to move to suppress a suggestive and unreliable out-of-court identification
(2) trial counsel failed to object to inadmissible hearsay admitted in violation of petitioner's right to confrontation
(3) trial counsel failed to object to the prosecutor's misstatements in closing argument
(4) trial counsel failed to introduce evidence of third party confessions

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:

Raised it in motion for new trial, which was consolidated with direct appeal


**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for new trial

Name and location of the court where the motion or petition was filed:

Suffolk Superior Court

Docket or case number (if you know):    SUCR2004-10099

Date of the court's decision:    2/11/2009

Result (attach a copy of the court's opinion or order, if available):

Motion for new trial denied (Memorandum of Decision and Order on Defendant's Motion for New Trial
attached)


(3) Did you receive a hearing on your motion or petition?    ☑  Yes    ☐  No

(4) Did you appeal from the denial of your motion or petition?    ☑  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Massachusetts Supreme Judicial Court

Docket or case number (if you know):    SJC-10470

Date of the court's decision:    9/21/2011

Result (attach a copy of the court's opinion or order, if available):

Conviction affirmed (Commonwealth v. Walker, 460 Mass. 590 (2011) attached)


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

✎AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**
Violation of the constitutional right to present a defense

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The trial judge improperly excluded exculpatory evidence of two third party suspects fleeing from the scene of the crime.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

     (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes   ☐ No

     (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐   Yes   ☐   No

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition:

     Name and location of the court where the motion or petition was filed:

     Docket or case number (if you know):

     Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
The jury instructions unconstitutionally lowered the Commonwealth's burden of proof in violation of the Due
Process Clause and violated his right to present a defense under the 6th and 14th Amendments

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial judge refused to give an alibi instruction, over objection, despite evidence supporting an alibi defense.

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

       (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐ Yes    ☐ No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:

       Name and location of the court where the motion or petition was filed:

       Docket or case number (if you know):

       Date of the court's decision:

       Result (attach a copy of the court's opinion or order, if available):

       (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

       (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

       (6) If your answer to Question (d)(4) is "Yes," state:

       Name and location of the court where the appeal was filed:

       Docket or case number (if you know):

       Date of the court's decision:

       Result (attach a copy of the court's opinion or order, if available):

✎AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground **Three:**

## GROUND FOUR:
Conviction obtained upon insufficient evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial evidence was insufficient to support the conviction of the defendant as a principal as to the charge of
armed assault with intent to murder

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

✎AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

     (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
         having jurisdiction?    ☑ Yes    ☐ No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
         presenting them:

     (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,
         ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
     that you challenge in this petition?    ☐ Yes    ☑ No
     If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
     raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
     of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
     the judgment you are challenging?    ☐ Yes    ☑ No
     If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
     raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

Elda James, 599A Washington Street, Dorchester, MA  02124

(b) At arraignment and plea:

Elda James, 599A Washington Street, Dorchester, MA  02124

(c) At trial:

Elda James, 599A Washington Street, Dorchester, MA  02124

(d) At sentencing:

Elda James, 599A Washington Street, Dorchester, MA  02124

(e) On appeal:

James L. Sultan, Rankin & Sultan, 151 Merrimac Street, Boston, MA  02114

(f) In any post-conviction proceeding:

James L. Sultan, Rankin & Sultan, 151 Merrimac Street, Boston, MA  02114

(g) On appeal from any ruling against you in a post-conviction proceeding:

James L. Sultan, Rankin & Sultan, 151 Merrimac Street, Boston, MA  02114


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❏ Yes     ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:




(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❏ Yes     ❏ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Judgment became final upon expiration of the time for seeking review from the United States Supreme
Court upon a petition for writ of certiorari on December 20, 2011.

✎AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

      (2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

grant a writ of habeas corpus

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct ~~and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on~~ _____ ~~(month, date, year).~~

Executed (signed) on   _12/16/12_   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.