UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12340-GAO

ANDRE WALKER,
Petitioner,

v.

BRUCE GELB,
Respondent.

OPINION AND ORDER
March 28, 2016

O'TOOLE, D.J.

The petitioner, Andre Walker, was convicted of first degree murder, armed assault with intent to murder, and possession of an unlicensed firearm by a jury in Suffolk Superior Court and sentenced to life imprisonment.[1] He filed a timely notice of appeal and thereafter filed a motion for a new trial. The trial court, after an evidentiary hearing, denied the new trial motion, and the Supreme Judicial Court affirmed both Walker's convictions and the denial of the motion for a new trial. Commonwealth v. Walker, 953 N.E.2d 195 (Mass. 2011). The facts of the case are set forth in detail in the SJC's opinion. Walker now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.   Standard of Review**

The applicable standard of review is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a petitioner must show that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal

---

[1] The charges arose out of the fatal shooting of Francis Stephens and non-fatal shooting of José Astacio.

law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010) (citations omitted).

A state court decision is "contrary to" clearly established federal law if "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A decision involves an "unreasonable application" of established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

Habeas relief may also be granted if a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); accord Burt v. Titlow, 134 S. Ct. 10, 15 (2013). However, "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and a habeas petitioner "bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" Titlow, 134 S. Ct. at 15 (quoting 28 U.S.C. § 2254(e)(1)).

Unreasonableness in the § 2254 context requires "some increment of incorrectness beyond error." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002) (en banc) (citation omitted); accord Williams, 529 U.S. at 410-11 (cautioning that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law" (emphasis in original)). "The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the

independent and objective judgment of the federal court." McCambridge, 303 F.3d at 36 (citation omitted). The statute establishes "a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (per curiam) (quoting Felkner v. Jackson, 562 U.S. 594, 598 (2011)). It is a standard that is "difficult to meet." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citation omitted).

## II.    Ineffective Assistance of Counsel

The petitioner first claims that he was denied the right to effective assistance of counsel in violation of the Sixth Amendment. Under Strickland v. Washington, a petitioner asserting a claim of ineffective assistance must show that (a) his counsel's performance "fell below an objective standard of reasonableness," and (b) "the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." 466 U.S. 668, 687 (1984). The petitioner asserts several instances of ineffective assistance.

### A.    Failure to Move to Suppress Identification

The petitioner first argues that he was denied effective assistance of counsel because his attorney failed to file a motion to suppress an out-of-court identification made by a government witness, Sylvester Harrison. To succeed on such a claim of ineffectiveness under Strickland, Walker "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). The petitioner's claim founders on the first part of the Strickland formulation.

The central question in assessing whether an out-of-court identification should be excluded from evidence is whether the identification procedure was "so impermissibly suggestive as to give

rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). The petitioner argues that Harrison's out-of-court identification fits that description. If that were so, the failure to move to keep it out of evidence could qualify as deficient attorney performance for Strickland purposes.

The problem for the petitioner is that the state court factual findings, first by the trial judge in his lengthy and meticulous memorandum denying the new trial motion—after providing the defendant an evidentiary hearing to present, in effect, the motion to suppress he contended should have been pursued—and then by the SJC in affirming the denial, were that it was unlikely that Walker's defense counsel would have succeeded in proving that the identification procedures were impermissibly suggestive. The SJC said:

> Because we conclude, based on our independent review of the evidence, that the judge's findings were not clearly erroneous, we accept these findings and agree that the defendant would not likely have been successful in proving that the identification procedure was unnecessarily suggestive.

953 N.E.2d at 205.

The trial judge was specific: After viewing the photographic array used in the identification procedure at issue, he found that the defendant's picture did not stand out as distinctive in any suggestive way and that there was nothing about the photographic array that might have had the effect of singling out the defendant. Commonwealth v. Walker, No. 2004-10099, 2009 WL 335930, at *45 (Mass. Super. Ct. Feb. 11, 2009). He further found that Walker had failed to prove certain factual propositions essential to his claim that his defense counsel deficiently failed to move to suppress the identification, including that Harrison was intoxicated at the time of the identification procedure, that the police informed Harrison that the photographic array depicted members of a gang, or that the police pressured Harrison into making a selection from the photographic array. Id. Those subsidiary factual findings after an evidentiary hearing are presumed

4

to be correct in the absence of clear and convincing evidence to the contrary, see 28 U.S.C. § 2254(e)(1), and there is none. The SJC's conclusion that defense counsel's omission to move to suppress was, on these facts among others, not constitutionally deficient, was not an unreasonable one under the applicable Supreme Court precedents.

### B. Failure to Object to Inadmissible Hearsay

The petitioner claims that his counsel was ineffective in failing to object to parts of Boston Police Detective John Martel's testimony about Harrison's out-of-court identification of the petitioner's picture. Under Massachusetts evidence law, Commonwealth v. Le, 828 N.E.2d 501, 510 (Mass. 2005), some details beyond the bare identification may be admitted to provide understandable context for the identification. Martel's testimony included the facts that the identified person had been the operator of the car, that he was shooting, and that the car he had exited was a black Toyota. The SJC concluded that the first two of these were details important to understanding the identification. Walker, 953 N.E.2d at 211. It also concluded that the color and make of the car were not germane to the identification, but that to the extent defense counsel acted deficiently in failing to object to those details on hearsay grounds, any error was harmless because the jury had heard about the make and color of the car from several other witnesses. Id. In any event, the petitioner has failed to identify any Supreme Court precedent that was unreasonably applied by the SJC.

### C. Failure to Object to Closing Argument

At the end of trial, the prosecutor told the jury in his closing argument that Harrison had a "good look" at the shooter, and that Harrison "tells us" that the shooter looked like the defendant. Id. The petitioner contends that the prosecutor committed misconduct by misstating the evidence

presented at trial and that defense counsel's failure to object denied him the right to effective assistance of counsel.

The trial court found that the prosecutor's statement that Harrison had a "good look" was "proper argument based on the evidence before the jury and permissible inferences drawn therefrom." Walker, 2009 WL 335930, at *50 (citations omitted). Among the evidence considered was Harrison's testimony that he saw "a quick image" of the shooting and Detective Martel's testimony that Harrison "said he saw the faces" of those involved in the shooting "briefly." Id. at *50 & nn.21-22. The SJC agreed with the trial court and concluded "that defense counsel's failure to object did not constitute ineffective assistance of counsel." Walker, 953 N.E.2d at 212 (citation omitted). As to the statement that Harrison "tells us" that the shooter looked like the defendant, the SJC agreed with the trial court's finding that "despite 'the prosecutor's inartful phraseology,' a reasonable jury would have understood that the prosecutor was referring to the pretrial identification of the photographs made by Harrison, not to his trial testimony." Id.

Under Supreme Court case law, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" Id. (quoting Donnelly, 416 U.S. at 642).

This standard was reasonably applied by the SJC as to both prosecutorial statements.

### D. Failure to Introduce Evidence of Third-Party Confessions

The petitioner further claims that he was prejudiced by his defense counsel's failure to elicit evidence of a third-party confession to the shootings. Particularly, the petitioner contends

6

that his counsel should have sought to admit evidence that a witness, Terrance Dotson, had heard Reggie Green and Richard Green say that Reggie and Daryl Green had shot the victims. Though hearsay, he argues, such testimony would be admissible under Chambers v. Mississippi, 410 U.S. 284 (1973).

The relevant evidence before the trial/motion judge included the following: Dotson was interviewed by Detective Michael Devane. According to Devane's report of the interview, which was made available to defense counsel in discovery, Dotson first said he had had a conversation with Richard and Reggie in which they said that Reggie and Daryl had shot the victims. He then said he overheard such a conversation. Then he denied having heard any such conversation.

At trial, Devane testified for the prosecution. He did not testify about the substance of Dotson's interview on direct examination. On cross-examination by the petitioner's defense counsel, Devane said that Dotson had "[i]nitially" told him that Reggie and Daryl had shot the victims. On redirect examination, Devane said that Dotson in the end "recanted" that statement, first saying that he had heard a rumor to that effect and then denying he had even heard anything about the brothers' involvement. On recross-examination, Devane repeated his testimony that Dotson had "recanted and backed off" his prior statement about Reggie and Daryl having committed the shootings. Walker, 2009 WL 335930, at *33.

Both the trial judge and the SJC concluded that defense counsel made a reasonable tactical judgment not to try to press the point any further, an effort that might have made matters worse. There is nothing unreasonable about that conclusion.

The petitioner makes an argument here that defense counsel was ineffective in not seeking the admission of Dotson's out-of-court statement under an exception to the rule against hearsay as a declaration against penal interest. That argument is also answered by the SJC's conclusion that,

under the circumstances, counsel's judgment not to push the point was a reasonable tactical choice. Walker, 953 N.E.2d at 212-13. His related argument under the Chambers doctrine, that it may be sometimes necessary to admit excludable hearsay to protect a defendant's right to a fair trial, is answered by the fact that no proffered hearsay was excluded.

### E.    Cumulative Effect

Finally, the petitioner contends that the cumulative effect of his counsel's errors violated his right to effective assistance of counsel. Though he is correct that this Court may consider "the cumulative effect of counsel's errors in determining whether a defendant was prejudiced," Dugas v. Coplan, 428 F.3d 317, 335 (1st Cir. 2005) (citation omitted), here "the combination of the asserted errors . . . did not disfigure the proceedings so significantly as to undermine . . . confidence that the defendant received a fair trial." See United States v. Gonzalez-Melendez, 594 F.3d 28, 37 (1st Cir. 2010) (citation omitted).

## III.    Limitation on Use of Exculpatory Evidence

There was some evidence at trial that an unknown person had approached a police officer at the crime scene and said that he had seen two Hispanic males get out of the Toyota, information inconsistent with the prosecution theory. The court instructed the jury that the statement was hearsay and could not be considered for the truth of the matters asserted, but rather only for the purpose of assessing the thoroughness of the police investigation. At trial, defense counsel argued that the statement was admissible as an excited utterance, but on appeal of the new trial motion, appellate counsel instead challenged the instruction under the Chambers doctrine. See 410 U.S. at 302. The SJC ruled that the objection was not preserved. The SJC went on to analyze only whether the instruction was an error that resulted in a substantial likelihood of a miscarriage of justice and determined that it was not.

The respondent contends that this ground for relief is procedurally defaulted. Under the "independent and adequate state ground" doctrine, federal habeas review is precluded where a state court has declined to consider a petitioner's federal claims due to failure to meet a state procedural requirement. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state procedural rule is adequate if it is consistently applied by the state courts, Horton v. Allen, 370 F.3d 75, 80-81 (1st Cir. 2004) (citation omitted), and independent if it does not depend on, or is intertwined with, federal law, Coleman, 501 U.S. at 735. To overcome a procedural default, the petitioner must demonstrate cause for the default and actual prejudice or that failure to consider the defaulted claim will result in "a fundamental miscarriage of justice." Id. at 750.

The SJC's decision, based on a "defendant's failure to object at trial, is an independent and adequate ground for decision so long as the state court consistently applies its contemporaneous objection rule and has not waived it in the particular case by basing the decision on some other ground." See Horton, 370 F.3d at 80-81 (citation omitted). The SJC consistently applies "the rule that unpreserved claims are forfeited," and its review for a substantial miscarriage of justice "does not work a waiver of the contemporaneous objection requirement." Id. at 81 (citation omitted). This ground is procedurally defaulted, and as the petitioner has not shown cause and prejudice, the default will not be excused.

In any event, the statement clearly did not have the hallmarks of reliability that would qualify it for admission under the Chambers doctrine. See 410 U.S. at 300-01.

**IV.     Failure to Give Alibi Instruction**

The trial court denied defense counsel's request for an alibi instruction. Counsel had requested such an instruction on the basis of evidence that the shooting had occurred between 8:00 and 8:15 p.m., yet a witness testified that he saw Walker at a mutual acquaintance's apartment

9

sometime after 8:00 p.m. The SJC ruled that the trial court in its instructions had made amply clear to the jury that the Commonwealth bore the burden of proof as to each element of the crimes charged and that the refusal to give an alibi instruction was not prejudicially erroneous. The petitioner contends that this ruling was an unreasonable application of clearly established federal law as set forth in California v. Trombetta, 467 U.S. 479, 485 (1984), and In re Winship, 397 U.S. 358, 364 (1970). He cites several opinions by other Circuit courts overturning convictions on direct appeal for failure to give an alibi instruction, e.g., Duckett v. Godinez, 67 F.3d 734, 743-44 (9th Cir. 1995) (citing cases) and United States v. Hicks, 748 F.2d 854, 857 (4th Cir. 1984).

The petitioner's reliance on these Circuit precedents is misplaced. First of all, for habeas purposes, the precedents that matter are those from the Supreme Court only. Moreover, "[t]he fact that a jury instruction is inadequate by . . . direct appeal standards does not mean a petitioner who relies on such an inadequacy will be entitled to habeas relief from a state court conviction. In habeas proceedings challenging state court convictions, relief is available only for *constitutional* violations." Duckett, 67 F.3d at 744 (emphasis in original) (internal citation omitted). To show that a constitutional violation occurred, the petitioner must show that the failure to give the instruction "by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973).

Here, where the trial court "repeatedly emphasized throughout trial, and forcefully instructed in his charge to the jury, that the Commonwealth alone bore the burden of proving every element of each crime charged beyond a reasonable doubt," Walker, 953 N.E.2d at 215, there was no such constitutional violation.

## V.      Insufficient Evidence on Armed Assault

At trial, the Commonwealth prosecuted armed assault with intent to murder charge under the attempted battery theory, which requires proof "'that the defendant intended to commit a battery, took some overt step toward accomplishing that intended battery, and came reasonably close to doing so.'" Id. at 216 (quoting Commonwealth v. Melton, 763 N.E.2d 1092, 1096 (Mass. 2002)). The SJC found that the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient as to each of the elements. Id. In particular, the evidence supported a finding that the victim, José Astacio, was wounded and rolled under a van, and the petitioner exited his vehicle and shot multiple times in a downward direction on the street. Id. The ballistic evidence supported a reasonable inference that "at least one shot from each of the two firearms used by the shooters was fired near the van under which Astacio rolled, which suggests that each of the shooters attempted to shoot Astacio after he was wounded." Id.

The petitioner argues that the SJC's ruling that the evidence was sufficient to support a conviction on this charge was an unreasonable application of Jackson v. Virginia, 443 U.S. 307, 316 (1979) ("[N]o person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." (citing In re Winship, 397 U.S. 358)). He specifically contends that the Commonwealth presented only speculative evidence that Astacio rolled under a van, and that the ballistics expert's testimony that shots were fired in the van's direction was also speculative.

It is true that a habeas court must not "giv[e] credence to 'evidentiary interpretations and illations that are unreasonable, insupportable, or overly speculative.'" Foxworth v. St. Amand, 570 F.3d 414, 425 (1st Cir. 2009) (quoting United States v. Spinney, 65 F.3d 231, 234 (1st Cir. 1995)).

11

However, the evidence that the petitioner claims is overly speculative, while leaving room for some doubt, is not so speculative as to render the body of evidence insufficient. For example, the petitioner complains of witness Sharod Clark's testimony that he "didn't see what happened to the first guy that fell"—Astacio—"because I guess he rolled under the car." (Reply Mem. of Law in Supp. of Pet. For Writ of Habeas Corpus at 26 (dkt. no. 28).) A reasonable juror could permissibly infer that Astacio rolled under the van, as Clark testified that Astacio vanished from his view, and the defense did not submit evidence of any other vehicles present on the scene. Further, the ballistics evidence, when viewed in the light most favorable to the Commonwealth, supports the jury's verdict.

Because the petitioner has not shown that the SJC unreasonably applied Jackson, this ground fails as well.

## VI. Conclusion

For the foregoing reasons, the petition for habeas relief pursuant to 28 U.S.C. § 2254 (dkt. no. 1) is DENIED.

A certificate of appealability will not issue, as the petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge